[No. 771. Decided March 10, 1893.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE SUFFERIN, *Appellant*.

BURGLARY—SUFFICIENCY OF INFORMATION.

An information for grand larceny which charges the breaking and entry of an office, is sufficient under Penal Code, § 46, without also charging that such office was a place where goods, merchandise or valuable things were kept for sale or deposit.

An information sufficiently alleges burglarious entry with intent to commit a felony when it charges intent to commit grand larceny, followed by a statement of the acts intended, which, if carried into effect, would have constituted such offense.

*Appeal from Superior Court, Jefferson County.*

*Andrew F. Burleigh*, for appellant.

*R. E. Moody*, and *James A. Haight*, for The State.

The opinion of the court was delivered by

HOYT, J.—Appellant attacks the indictment upon which he was convicted in the court below upon two grounds— (1) Because it was not alleged therein that the office which was broken and entered was a place in which goods, merchandise or valuable things were kept for sale or deposit; and (2) because there is no sufficient allegation that the entry was with intent to commit a felony.

The argument in regard to the first objection is, that the words office, shop, store, warehouse, malt house, still house, mill, factory, bank, church, school house, railroad car, barn, stable, ship, steamboat and water craft, as used in our statute, are each qualified by the provision following: "Or any building in which any goods, merchandise or valuable things are kept for use, sale or deposit."

We are unable to construe the statute in this way. To us it seems clear that the statute was intended to provide that burglary may be committed upon and in any of the places particularly specified, and in addition thereto upon and in any other building in which any goods, merchandise or valuable things are kept for use, sale or deposit. There is, of course, a line of decisions which hold that statutes somewhat similar to ours should be construed as contended for by appellant, but in no case has a statute just like ours been thus construed. We are, therefore, free to construe our statute as we think the legislature intended, and thus construing it we are satisfied that an indictment which charges the breaking and entry of an office, without also charging that such office was a place where goods, merchandise or valuable things were kept for sale or deposit, is good.

As to the other objection, it is directly charged that the entry was with intent to commit a felony, and under our statute this alone would perhaps be sufficient; but it is not

necessary that we should so hold to sustain this indictment, as it is further alleged that such felony was grand larceny, followed by a statement of the acts intended, which, if carried into effect, would have constituted such offense.

The indictment taken as a whole sufficiently charged the crime of burglary under our statute, and the judgment and sentence rendered thereon must be affirmed.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.

ANDERS, J., not sitting.